Case 4:22-cv-00110-KGB   Document 4   Filed 04/20/22   Page 1 of 3

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 20 2022

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KACEY BILLINGSLEY                                                    PLAINTIFF

v.                          Case No. 4:22-cv-00110-KGB

SALINE COUNTY                                                        DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Discussion

On February 2, 2022, Plaintiff Kacey Billingsley ("Billingsley"), a prisoner in the Saline County Detention Center ("SCDC"), filed a *pro se* § 1983 Complaint (*Doc. 1*), without paying the required filing fee or filing a Motion to Proceed *in forma pauperis* ("IFP Motion").

In an Order, dated February 28, 2022, Billingsley was allowed 30 days to

either pay the $402 filing fee, in full, or file a properly completed IFP Motion. *Doc. 2 at 3*. Importantly, the Court cautioned Billingsley that if she failed to timely and properly comply with the Order, her case could be dismissed for lack of prosecution, pursuant to Local Rule 5.5(c)(2). *Id.*

The February 28, 2022 Order also advised Billingsley of her responsibilities under Local Rule 5.5(c)(2), which provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself must sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* must be expected to be familiar with and follow the Federal Rules of Civil Procedure.

*Id. at 1* (quoting Local Rule 5.5(c)(2)).

On April 6, 2022, the February 28, 2022 Order mailed to Billingsley at her address of record, the SCDC, was returned undelivered, marked "[Return to Sender]: not here." *Doc. 3*. Thus, it appears that Billingsley was released from the SCDC before receiving the February 28, 2022 Order.

Nevertheless, she has not paid the required filing fee, filed an IFP Motion, or provided the Court with a current mailing address. Accordingly, her Complaint should be dismissed, without prejudice, for failure to prosecute.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT Billingsley's Complaint be DISMISSED, WITHOUT PREJUDICE, pursuant to Local Rule 5.5(c)(2), for failure to prosecute.

DATED this 20th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE